## CUNNINGHAM *vs.* SOULES.

Where the *agent* of an insolvent transportation company induced a creditor of the company to part with the possession of property, upon which he would have had a *lien* for for his debt had it remained with him, on the promise to place other property in his possession, with the right to retain the same until the debt was paid, it was holden in an action against him for the non-performance of such promise, that the question was properly submitted to the jury to determine whether his promise was individual and personal, or whether it was made as the agent of the company ; and the jury having found that it was a personal contract the court refused to set aside the verdict.

THIS was an action of *assumpsit*, tried at the Onondaga circuit in September, 1829, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff entered into a contract with a *transportation* company on the canal, called the Franklin line, C. Smyth and J. Field constituting the company, to keep for them two span of horses, and to board two drivers during the boating season of 1828, for which he was to receive $4,50 per week. In November, 1828, Soules, the defendant in this cause, who was the agent of the company, was directed by Smyth to ascertain the amount due to the several persons called station keepers, with whom similar contracts had been made, to contract with them for the keeping of the horses of the company until the ensuing spring, and to take receipts for the delivery of the horses when demanded, upon payment of the several sums due to each station keeper. In December the defendant called on the plaintiff, in whose possession there were four horses belonging to the company, and whose bill against the company then amounted to $300, and proposed to the plaintiff to take away three of the horses then in his possession, and to send him four others belonging to the company, which the plaintiff should have a right to detain until his debt due from the company was paid ; the defendant admitted that since the boats had hauled off, the plaintiff had a *lien* on the horses for his bill against the company, which had failed or stopped payment. The plaintiff agreed to the proposition, and four horses

belonging to the company were designated as those which the defendant engaged should be sent to the plaintiff in lieu of those to be taken away, and an agent of the plaintiff was to go with the defendant to a particular place to receive the horses so to be sent; nothing was said as to the defendant's making this engagement for the company. The plaintiff delivered up three of the horses in his possession, and they were taken away; the plaintiff's agent went with the defendant to the appointed place, where he was told by the defendant that *Field*, one of the company, had concluded not to send any horses to the plaintiff, but would pay the plaintiff his demand. The three horses taken had been kept by the plaintiff, in turn with the other horses of the company, about four weeks, and were proved to be worth $200. The plaintiff having rested, the defendant moved for a nonsuit, on the grounds that there being a special agreement in relation to the keeping of the horses, the plaintiff had no *lien*; that if he had a lien it did not extend beyond his charge for the keeping of the three particular horses, and did not attach on the horses then in the plaintiff's possession for keeping the other horses of the line; and that the defendant, acting as agent, was not personally responsible to the plaintiff. The judge refused to nonsuit the plaintiff, and charged the jury that if the plaintiff had a *lien*, it was in consequence of the agreement subsequent to that originally made, to be inferred from the admissions of the defendant when he took away the horses, and from the instructions of his principal; and that if the jury believed that the defendant's undertaking was on his personal responsibility, they ought to find for the plaintiff the value of the horses taken away, otherwise for the defendant. The jury found a verdict for the plaintiff for $190, which the defendant moved to set aside.

*T. R. Strong*, for defendant.

*J. Watson*, for plaintiff.

*By the Court*, SUTHERLAND, J. Under the circumstances of this case, it was properly left by the judge to the jury, to determine whether the promise or undertaking of the defend-

NEW-YORK,
May, 1831.

Cunningham
v.
Soules.

ant, on which this action is brought, was an individual and personal one, or whether it was made as the agent of the Franklin Canal Line. The jury have found that it was a personal contract of the defendant, and I think the evidence fully sustains the verdict on that point. It was a notorious and conceded fact, at the time when this transaction took place, that the company had failed. It was a part of the undertaking of the defendant, that the horses which he was to send to the plaintiff in lieu of those delivered by the plaintiff to him, were to be kept until the plaintiff's account against the company was paid; thus fully admitting the lien of the plaintiff, and that such lien was his only security for his debt. It is not to be supposed, under such circumstances, that the plaintiff would have parted with the horses in his possession, upon the promise of the company to send him four others of equal value. The defendant's promise was in its terms, personal, and not for, or on account of the company. The plaintiff undoubtedly relied upon the individual responsibility of the defendant for the performance of his undertaking, and parted with the horses in his possession, upon the strength of it.

Whatever may have been the construction of the original written contract between the plaintiff and the company, it is shown by the written admission of Smyth, and the testimony of Field, who appear to have constituted the company, and also by the admission of the defendant, that at the time when the plaintiff gave up the horses in his possession to the defendant, he had an acknowledged lien upon them for the balance due to him. No matter, then, what the original contract was, if that did not give him a right to detain the horses until he was paid for their keeping, it was subsequently changed, so as to give him such lien. The judge also left the question to the jury, telling them that if the plaintiff had a lien, it must be under a subsequent agreement. The jury have properly found such agreement.

The plaintiff then having a right to detain the horses of the company, until his account was paid, and having delivered them to the defendant upon his individual promise to return other horses particularly specified at the time, of equal value,

and the defendant having failed to perform his contract, and the plaintiff's account not having been paid, the defendant is legally and equitably bound to make good his loss.

Motion for new trial denied.